UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GULDENSTEIN
and KAREN
GULDENSTEIN,   Case No. 4:15-cv-14181
District Judge Linda V. Parker
Plaintiffs,   Magistrate Judge Anthony P. Patti

v.

MERIT ENERGY
COMPANY, L.L.C.,

Defendant.
_____/

# REPORT AND RECOMMENDATION CONCERNING PLAINTIFFS' MARCH 13, 2017 RESPONSE (DE 45)

**I.   RECOMMENDATION**: The Court should assess Plaintiffs' counsel $1,000.00 under Fed. R. Civ. P. 11(b) for the multiple misrepresentations contained in Plaintiffs' March 13, 2017 response (DE 45).

**II.   REPORT:**

   **A.   Background**

This personal injury lawsuit stems from the alleged events of November 5, 2014. (DE 1.) In addition to Plaintiffs' complaint against Defendant Merit Energy Company, L.L.C., the pleadings include a third party complaint against Douglas Hart d/b/a Hart Gas & Oil Service. (DE 10.)

Approximately one year ago, the Court referred this case to me to conduct a settlement conference sometime after September 30, 2016. (DE 19.) Although it has been noticed several times, it is currently scheduled to take place on Friday, April 21, 2017. (DE 26, 32, 33, 35; *see also* DE 58, 59.)

### B. Instant Matter

Meanwhile, the Court has referred several matters to this Court's attention, each of which was ruled upon at an April 17, 2017 hearing attended by attorneys Gerald V. Padilla, William L. Kiriazis, and Timothy J. Jordan. (*See* DE 38, 39, 44, 54, 56, 61 and 62.) Among these was Defendant's February 27, 2017 motion to strike expert witnesses pursuant to Fed. R. Civ. P. 37(c)(1), a motion in which third party defendant Douglas Hart concurred. (DE 38, DE 40.)

Plaintiffs' response thereto (DE 45) is the subject of this report and recommendation.

### C. Discussion

Plaintiff's second amended witness list designates Michael R. Harbut, M.D. and Michael H. Thompson, Ph.D. as experts. (DE 37 at 3.) By its motion, Defendant requests that the Court strike Drs. Harbut and Thompson from the witness list, and "preclud[e] the expert witnesses from supplying evidence for any purpose, including at trial…[due to] Plaintiffs' failure to timely identify and disclose their expert witnesses." (DE 38 at 4-5.)

The thrust and substance of Plaintiffs' March 13, 2017 response is that Harbut and Thompson were *not late-named expert witnesses, but merely newly engaged treating doctors,* leading the Court to believe that Thompson's Ph.D. was perhaps a doctorate in psychology. Plaintiffs' response repeatedly refers to "treatment" with this "doctor." (DE 45.) It was not until the April 17, 2017 hearing – after Defendant's *reply brief* identified Thompson as an economist - that Plaintiff finally acknowledged Thompson's true role. Plaintiffs' counsel characterized this as a mere "mistake;" but this was not a mistake. It was the thrust of Plaintiff's response, was stated no less than 11 times in his written submission, and led the Court to believe Dr. Thompson was providing a form of health care treatment to Plaintiff Robert Guldenstein. (DE 45, ¶¶ 5, 7, 8, 9, 10 and DE 45 at 12-13.) Notably, the eventual admission of this mischaracterizing "mistake" occurred in the same hearing where Plaintiffs' counsel was also compelled to acknowledge that he made a mistake by failing to calendar and show up for the deposition of Dr. Ernest Chiodo, which was the subject of Defendant's other February 27, 2017 motion. (*See* DEs 39, 61.)[1]

**D. Conclusion**

---

[1] After initially blaming his secretary for the failure to put the deposition date in his calendar, Plaintiff's counsel ultimately had to admit that the fault was his own, after the Court verified that the deposition notice had been e-mailed to him directly.

Based on the foregoing, it is the undersigned's opinion that sanctions against Plaintiffs' counsel in the amount of $1,000.00 are warranted under Fed. R. Civ. P. 11(c). Misrepresentation of key facts upon which the Court is likely to base its opinion on a pending motion is a serious abrogation of an attorney's obligation of candor toward the tribunal. M.R.P.C. 3.3. Likewise, acute sloppiness regarding key facts which are at the heart of a motion response is an abrogation of the attorney's duty to be competent in his preparation and diligent in his representation. M.R.P.C. 1.1(b), 1.3.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 18, 2017      s/Anthony P. Patti
                           Anthony P. Patti
                           UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 18, 2017, electronically and/or by U.S. Mail.

                           s/Michael Williams
                           Case Manager for the
                           Honorable Anthony P. Patti