UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GULDENSTEIN
and KAREN
GULDENSTEIN,

        Plaintiffs,

v.

MERIT ENERGY
COMPANY, L.L.C.,

        Defendant.
_____/

Case No. 4:15-cv-14181
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT / THIRD PARTY MERIT ENERGY COMPANY, L.L.C.'S RENEWED MOTION TO STRIKE EXPERT WITNESSES (DE 68)**

The Court has reviewed Defendant Merit Energy Company, L.L.C.'s (Merit's) renewed motion, in which Defendant Douglas Hart has concurred and joined, Plaintiff's response and Merit's reply. The Court shares Merit's frustration at what appears to be Plaintiff's shenanigans regarding the ongoing mislabeling of non-treating expert witnesses as treating physicians. It appears that Plaintiff's attorneys have not taken the opportunity given in this Court's previous order to "have a candid discussion with Dr. Harbut" to determine if he "actually [has] a treatment relationship with Plaintiff Robert Guldenstein[,]" and, if not, "to withdraw him as a witness." (DE 62 at 5.) It also appears that Plaintiff's attorneys

2

have not exercised the opportunity afforded them "to make the same evaluation and analysis [at least] with respect to Dr[]. Williams…." (*Id.*) It is clear to the Court, based upon the record provided in support of the motion and response, that Drs. Harbut and Williams should be stricken from Plaintiff's witness list and precluded from testifying for the reasons which follow. The true role of Dr. Silverman is less clear, however, and a fuller record is necessary before the Court can determine whether he should likewise be stricken and precluded from testifying. The Court's reasoning as to each of the three physicians at issue is addressed in the subsections which follow.

### Dr. Michael Harbut

The Court's suspicions as to the true role of Dr. Michael Harbut should have been obvious to anyone who took the time to read its previous order on this subject. (DE 62.) As then noted, Dr. Harbut's 2014 deposition testimony in a Kalamazoo County Circuit Court case (No. 11-0492-NO) suggests that he ceased practicing medicine some time ago and that he now only serves as a paid expert witness, notwithstanding Plaintiff's counsel's repeated representation that he is Mr. Guldenstein's new-found treating physician. The records now produced pursuant to my prior order, and which I have reviewed in deciding this motion, convince the Court that Dr. Harbut has no treatment relationship with Plaintiff and that a ruse may again be in play. (See DE 63, 67.) In particular, I note that the December 23,

3

2016 correspondence between the Padilla Law Group and Dr. Harbut, produced in compliance with my order, gives every indication of a legal client being sent to a potential expert, rather than a patient reaching out for medical treatment so as to alleviate his ailments. The letter from the Padilla Law Group starts with a reference line *containing the name of this court case*, and substantively begins with the salutation, "I represent Robert Guldenstein regarding an industrial exposure to hydrogen sulfide (H2S)[,]" and then "attach[es] *for your review* the following records[,]" including but not limited to Plaintiff's *deposition transcript*. (DE 73 at 17 (emphasis added).)[1]

Dr. Harbut's one-time record, in turn, freely admits that "Mr. Guldenstein is here with his wife *for a medicolegal evaluation* and treatment[,]" although there appears to have been no "treatment." (DE 68-9 at 2.) Merit correctly points out that the term *medicolegal* is defined by Merriam-Webster's dictionary as "of or relating to both medicine and law[,]" and is used in legal literature interchangeably with the terms "Independent Medical Examination" and "IME." (DE 68 at 16; DE 68-13.) Of even greater weight to the Court is the fact that *Black's Law Dictionary* (10th ed.) defines *medicolegal* as: "Involving the application of medical science to

---

[1] Merit makes much of the fact that only one letter between Plaintiff's counsel and the three professionals at issue was produced, and assumes that there must have been more such correspondence and that his opposing counsel must not be complying with my prior order in this regard; however, the Court makes no such assumption, there being no evidence presented to support such a conclusion.

4

law." *Id*. at 1131.  Tellingly, *Black's* then prompts the reader to also "See FORENSIC MEDICINE." *Id*.

Finally, the Harbut office record itself is indicative of an evaluation at the behest of an attorney, consistent with the Padilla Law Group letter, not of a physician offering actual treatment to a patient.  Notably, the sections designated for "Assessment & Plan" and "Current Plans" are left completely blank.  As Merit accurately observes, despite Dr. Harbut running some pulmonary function analysis, referring Plaintiff to Drs. Williams and Silverman for further testing, and his vague recommendation of "cardiopulmonary exercise[,]" there is no evidence of Dr. Harbut actually providing any treatment or making any further appointments to see Mr. Guldenstein in the future.  Connecting all of these dots, the Court concludes that Dr. Harbut is a late-found expert, not a late-found treater, and that he should not be permitted to testify, especially in light of the manner in which his role has been mischaracterized.

## Gerard Williams, Ph.D.

Similarly, the two page, single visit record obtained from Dr. Gerard Williams make clear that there is no ongoing treatment relationship between him and Mr. Guldenstein, indeed no treatment relationship at all.  This is obvious from the following pertinent notations, quoted verbatim from DE 68-11 (with bolded emphasis added):

5

**Procedure Codes**: CPT 90791  PSYCH DIAGNOSTIC EVALUATION

**Initial Treatment Plan:** Conduct Npsych eval.

**Estimated Length of Treatment:** eval only

**Patient Referred Out and Summary of Care Provided:** No

**Clinical Summary Provided:** No

Merit argues that Dr. Williams's repeated references to the purpose of his visit as being for "evaluation" purposes only make clear that he himself was precluding the establishment of a treater-patient relationship. I agree. Moreover, the scant record demonstrates no treatment or prescriptions provided.[2]

### Dr. Bruce Silverman

Dr. Bruce Silverman's relationship with Plaintiff is tougher to decipher. In contrast with the other professionals, the records obtained from Dr. Silverman (DE 68-12) do show that he requires Mr. Guldenstein to return in one month for continuing care. He gives Guldenstein seizure precautions. He orders various tests for him, including an MRI, sundry lab tests and an EEG. While the "current plans" sections are left blank, he does appear to diagnose both traumatic brain injury and seizure disorder. He thanks the referring physician "for allowing me to continuing [sic] this patient's care[,]" and he puts in writing that, "This patient has been under

---

[2] In his response, Plaintiff suggests that there could be more records from these professionals yet to come, but, in light of the Court's previous order, the deadline for responding to this motion, and the late hour in the life of this case, Plaintiff's opportunity for making such a showing has passed.

my care for seizures/syncope." (*Id.*) While it may yet turn out that he was truly only brought into Plaintiff's life for the purpose of serving as a witness in this case after the witness list deadline had passed (and I note and share Merit's skepticism over the fact that he did not examine Plaintiff until just four days prior to the cutoff date for providing records under my prior order), I cannot reach such a conclusion on this record and decline to strike him as a witness at this time. (See DE 68 at 19.) If his deposition ultimately paints a different picture from what is contained in his records, Defendants may again renew this motion as to him or may seek to exclude his testimony by way of a motion *in limine*; however, Defendants are cautioned to make an honest evaluation of the true nature of the relationship between Dr. Silverman and Mr. Guldenstein and should not seek to exclude his testimony as a mere aggressive defense tactic.

## Conclusion

For the reasons explained above, and pursuant to Fed. R. Civ. P. 37(a),(b) & (c) the Court **GRANTS** Merit's motion **in part** and **DENIES** it **without prejudice in part**, and hereby **ORDERS** as follows:

1. Drs. Michael Harbut and Gerard Williams are each stricken from Plaintiff's current witness list and are precluded from testifying in this matter.

2. Dr. Bruce Silverman may remain on Plaintiff's witness list and may testify for the time being, <u>as previously circumscribed by the Court's April 18, 2017 Order (DE 62)</u>, although Defendants may renew this motion or seek to exclude his testimony through

7

a motion *in limine* if further deposition testimony *clearly disproves* a true treatment relationship.

3. Merit is awarded two-thirds of its actual costs and attorney fees associated with the preparation of this motion pursuant to Fed. R. Civ. P. 37(a)(5),(b)(2) and (c)(1)(C), as it was necessitated by a failure to abide by a previous discovery order and failure to disclose, and shall submit an itemized bill of costs for the Court's consideration via ECF within 7 calendar days of this order. Any specific objections to the *amount of* fees or costs being sought must be filed by Plaintiff within 3 business days thereafter. A supplemental ruling will thereafter likely be generated by text order.

4. For the time being, the only discovery sanctions ordered in connection with the repeated mischaracterization of Drs. Harbut and Williams and the ensuing frustration of trial preparation and discovery, beyond those outlined above, are that the Padilla Law Group will bear the cost of all court reporter appearance, transcription and copy fees (for both sides) associated with the deposition of Dr. Bruce Silverman.

5. If Plaintiff's deposition has already been completed, Defendants may re-open it any time before the final pretrial conference, at their own expense, for the sole purpose of exploring his relationship with Dr. Bruce Silverman, Dr. Mouhammed Joumaa[3] and any other medical or mental healthcare professional with whom he has met at any time or whose existence comes to light between now and the deposition.

**IT IS SO ORDERED.**

Dated: June 19, 2017                    s/Anthony P. Patti
                                        ANTHONY P. PATTI
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] This individual is mentioned in passing in Merit's motion, and his record is attached as DE 68-10, although he is not listed on Plaintiff's third amended witness list (DE 51, DE 68-5) and Merit makes no request with respect to him in its prayer for relief.

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on June 19, 2017, electronically and/or by U.S. Mail.

                                                      s/Michael Williams  
                                                      Case Manager for the  
                                                      Honorable Anthony P. Patti