UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GULDENSTEIN and
KAREN GULDENSTEIN,

        Plaintiffs,

v.

MERIT ENERGY COMPANY, LLC,        Civil Case No. 15-14181
                                                           Honorable Linda V. Parker

        Defendant/
        Third-Party Plaintiff,

v.

DOUGLAS HART, d/b/a
HART GAS & OIL OPERATING SERVICE,

        Third-Party Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is a negligence and premises liability action arising from injuries Plaintiff Robert Guldenstein ("Mr. Guldenstein") sustained while repairing a valve on a hydrogen sulfide gas line at Defendant Merit Energy Company, LLC's facility in Hartland, Michigan.[1] The matter presently is before the Court on Merit's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56(c) on

---

[1] Mr. Guldenstein's wife, Karen Guldenstein, also is a plaintiff, asserting a loss of consortium claim. Mr. Guldenstein's employer, Douglas Hart, doing business as Hart Gas & Oil Operating Service, is a third-party defendant sued for indemnification by Merit.

February 10, 2017.  (ECF No. 36.)  The motion has been fully briefed and was scheduled for hearing on July 11, 2017.  (ECF No. 52, 53.)

Counsel for Merit and Third-Party Defendant Douglas Hart, d/b/a Hart Gas & Oil Operating Service, appeared at the hearing.  Counsel for Plaintiffs did not.  The Court subsequently held a telephone conference with counsel for the parties, advising that in lieu of rescheduling the hearing, it would issue an order requiring them to file supplemental briefs addressing specific issues.  On July 11, 2017, the Court entered its order.  (ECF No. 83.)  According to the deadline set forth in that order, the parties filed supplemental briefs on July 18, 2017.  (ECF No. 84, 85.)  For the reasons that follow, the Court now grants Defendant's summary judgment motion.

## I. Factual and Procedural Background[2]

Merit contracted with Douglas Hart, doing business as Hart Gas & Oil Operating Service ("Hart Gas & Oil"), for regular repair and maintenance at Merit's facilities, including its facility in Hartland, Michigan.  Beginning in 2011, Mr. Guldenstein worked as an employee for Hart Gas & Oil.

On November 5, 2014, Mr. Guldenstein and Hart Gas & Oil's owner, Douglas Hart ("Mr. Hart"), arrived at the Hartland facility to repair a valve on a hydrogen sulfide gas line.  Neither Mr. Guldenstein nor Mr. Hart wore respiratory protection.  During the repair, Mr. Guldenstein was exposed to sulfide gas and was injured.

---

[2] The following facts appear undisputed.

The Michigan Occupational Safety and Health Administration ("MIOSHA") conducted an investigation within days following the incident. (Pls.' Resp. Br., Ex. 1, ECF No. 52-2.) MIOSHA investigator Matthew Macomber prepared a report of his findings, which included that Merit violated two MIOSHA regulations. (*Id.*)

## II. Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Parties' Arguments

Merit seeks summary judgment, arguing that because Plaintiffs have not named an expert witness or provided an expert report and the deadline for doing so has long passed according to the Court's Scheduling Order (*see* ECF No. 31), they cannot establish an essential element of Mr. Guldenstein's claims—that is, that Merit breached a duty of care owed to Mr. Guldenstein. In response to Merit's motion,

Plaintiffs do not contest that they have identified no expert witness to testify concerning the applicable duty of care Merit owed Mr. Guldenstein. Instead, Plaintiffs argue that no such expert is needed in a case such as this.

Specifically, Plaintiffs argue that where the defendant has violated a statute or regulation causing the plaintiff's injury, the violation is evidence of negligence. Plaintiffs point out that they identified on their witness list three MIOSHA employees and MIOSHA's records custodian in order to present evidence about MIOSHA's investigation of Merit following Mr. Guldenstein's injuries, which concluded that Merit violated two MIOSHA regulations relevant to the accident.

In reply, Merit contends that the MIOSHA report is inadmissible to prove a statutory or regulatory violation because it lacks the trustworthiness required under Federal Rule of Evidence 803(8)(B).

### IV. Applicable Law and Analysis

To prevail on his negligence and premises liability claims, Mr. Guldenstein must establish that: (1) Merit owed him a duty; (2) Merit breached that duty; (3) the breach was the proximate cause of his injuries; and (4) he suffered damages. *Benton v. Dart Props., Inc.*, 715 N.W.2d 335, 440 (Mich. Ct. App. 2006) (citing *Taylor v. Laban*, 616 N.W.2d 229 (Mich. Ct. App. 2000)). Mr. Guldenstein was an invitee on Merit's property. *See Beals v. Walker*, 331 N.W.2d 700, 704 (Mich. 1982); *Butler v. Ramco-Gershenson, Inc.*, 542 N.W.2d 521, 532 (Mich. Ct. App. 1995). "An owner 'owes a duty to an invitee to exercise reasonable care to protect the invitee from an

4

unreasonable risk of harm caused by a dangerous condition on the land.' " *Benton*, 715 N.W.2d at 338-39 (quoting *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. 2001)). The Michigan Supreme Court has held that expert testimony is needed to support a plaintiff's assertion that the defendant breached the applicable duty of care where the case involves matters of special knowledge that would not be known by a layperson. *Paul v. Lee*, 568 N.W.2d 510, 513-14 (Mich. 1997), overruled on other grounds in *Smith v. Globe Life Ins. Co.*, 597 NW2d 28 (1999).

Merit argues, and Plaintiffs do not dispute, that Mr. Guldenstein's injuries arose in "a highly specialized environment, which no ordinary layperson could reasonably be expected to have any familiarity with." (Merit's Br. in Supp. of Mot. at 5, ECF No. 36 at Pg ID 175.) Merit continues: "[W]hether the design, construction, maintenance, or operations of the Hartland facility were in violation of industry standards or were otherwise dangerous would require expert evaluation and testimony." (*Id.*) Plaintiffs nevertheless argue in response that expert evaluation and testimony are unnecessary because MIOSHA's findings establish that Merit, by violating two MIOSHA regulations, breached industry standards.

"In Michigan, a violation of a statute creates a rebuttable presumption of negligence while the violation of an ordinance or administrative regulation constitutes

evidence of negligence."[3] *Candelaria v. BC Gen. Contractors, Inc.*, 600 N.W.2d 348, 356 n. 5 (Mich. Ct. App. 1999) (citation omitted); *see also Beals*, 331 N.W.2d at 704 (citations omitted). Case law reflects, however, that such violations provide evidence of negligence only where the statute, ordinance, or regulation created a duty upon the defendant running in favor of the plaintiff. *Kennedy v. Great Atl. & Pac. Tea Co.*, 737 N.W.2d 179, 186 (Mich. Ct. App. 2007) (MIOSHA and it regulations apply only to the relationship between employers and employees and therefore do not create duties that run in favor of third parties); *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 299 (6th Cir. 2015) (finding that while the allegations that the defendant failed to comply with federal regulations may provide evidence of negligent conduct under Michigan law, the plaintiff must still show that the regulations impose a duty of care on the defendant owed to borrowers, such as the plaintiff); *see also Hardaway v. Consol. Paper Co.*, 114 N.W.2d 236, 239 (Mich. 1962) ("It is elementary law in this state that violation of a statute is evidence of negligence per se. The sole question in this case is whether or not the statute relied upon applied to the defendant."); *Todd v. Rent-A-Ctr.*, No. 295370, 2011 WL 240709, at *1 (Mich. Ct. App. Jan. 25, 2011) (unpublished) (citing *Longstreth v. Gensel*, 377 N.W.2d 804, 812 (1985)) ("[V]iolation of a statute only constitutes violation of a duty to a plaintiff under limited circumstances, such as when the statute was intended to protect a particular

---

[3] "Michigan does not adhere to the doctrine of negligence per se." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 299 (6th Cir. 2015) (citing *Zeni v. Anderson*, 243 N.W.2d 270, 280-82 (Mich. 1976)).

class of persons to which the plaintiff belonged or to protect against the particular kind of harm that occurred."). As the Michigan Supreme Court has expressed:

> [A] court may in effect excuse an individual from the consequences of violating a statute. For example, the court may find the statute's purpose was not to protect the person allegedly injured, or, even if it was, that the harm suffered was not what the Legislature designed the statute to do.

*Zeni v. Anderson*, 243 N.W.2d 270, 280 (Mich. 1976). Relying on *Beals* and *Hardaway*, Plaintiffs contend that Merit's purported MIOSHA violations are evidence that it breached a duty owed to Mr. Guldenstein.

In *Beals*, the Michigan Supreme Court addressed *inter alia* the trial court's refusal to grant the defendant's motion for a directed verdict. 331 N.W.2d at 480. The Michigan Court of Appeals found the trial court's ruling to be in error, holding that the plaintiff offered no supporting evidence on the issue of the defendant's breach of a duty to provide the plaintiff reasonably safe premises. *Beals*, 296 N.W.2d at 837. The court first concluded that the defendant had no duty to warn the plaintiff of the icy condition on a roof, which caused the plaintiff's fall and injuries, because those conditions were obvious. *Id*. at 835. The court then concluded that the plaintiff's evidence of various Michigan Department of Labor safety regulations promulgated pursuant to MIOSHA failed to prove the breach of a duty owed to him because they were inapplicable to the roof from which the plaintiff fell. *Id*. at 835-36. The Michigan Court of Appeals further noted that it was inclined to hold that the

7

regulations did not apply to the case where an employee of an independent contractor, rather than an employee of the premise's owner, is injured. *Id*. at 836 n.2.

The Michigan Supreme Court reversed, finding the Michigan Court of Appeals' conclusion that there was no duty to warn the plaintiff of the icy conditions directly contrary to prior Michigan Supreme Court precedent. *Beals*, 331 N.W.2d at 704. The Court went on to state in dicta: "Further support for the plaintiff's case was provided by evidence tending to show the violation of two safety regulations issued by the Michigan Department of Labor." *Id*. The Court did not analyze the language or purpose of those regulations in responding to the defendant's argument that they were inapplicable to employees of independent contractors, but simply rejected the "argument on the authority of *Hardaway* …"[4] *Id*.

In *Hardaway*, however, the Michigan Supreme Court reviewed the applicable safety statute to determine whether it was limited to the protection of employees of the owner of the premises or embraced independent contractors, such as the plaintiff. 114 N.W.2d at 239. As the *Hardaway* Court explained: "It is elementary law in this state that violation of a statute is evidence of negligence per se. The sole question in this case is whether or not the statute relied upon applied to the defendant." *Id*. This is consistent with the Supreme Court's later statement in *Zeni v. Anderson*, 243 N.W.2d 270 (Mich. 1976), that "[a] court may in effect excuse an individual from the

---

[4] After cursorily rejecting this argument by the defendant, the Court discussed in more detail its reasons for concluding that the regulations did apply to the roof from which the plaintiff fell. *Beals*, 331 N.W.2d at 704-05.

consequences of violating a statute" if the court "find[s] the statute's purpose was not to protect the person allegedly injured …" *Id.* at 280; *see also Todd*, 2011 WL 240709, at *1 (citing *Longstreth*, 377 N.W.2d at 812) ("[V]iolation of a statute only constitutes violation of a duty to a plaintiff under limited circumstances, such as when the statute was intended to protect a particular class of persons to which the plaintiff belonged or to protect against the particular kind of harm that occurred.").

Having read the statute at issue in *Hardaway*, the Court concluded that it imposed duties upon the defendant running "to *all* who are legally upon the premises[.]" 114 N.W.2d at 239 (emphasis added). The *Beals* Court neglected to engage in this necessary analysis. Yet, Michigan courts repeatedly have held that MIOSHA and its regulations "are applicable to employers and employees *only*." *Davis v. Link, Inc.*, 489 N.W.2d 103, 105 (Mich. Ct. App. 1992) (emphasis added) (citing *Zalut v. Andersen & Assoc., Inc.*, 463 N.W.2d 236, 239 (Mich. Ct. App. 1990)); *Kennedy*, 737 N.W.2d at 186 (citing *Davis*).

Thus, this Court concludes that Merit's purported MIOSHA violations are not evidence of its alleged breach of a duty to Mr. Guldenstein. As such, Plaintiffs in fact lack evidence to establish the necessary elements of Mr. Guldenstein's premises liability and negligence claims.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment is

**GRANTED**.

                                               s/ Linda V. Parker
                                               LINDA V. PARKER
                                               U.S. DISTRICT JUDGE

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 31, 2017, by electronic and/or U.S. First Class mail.

                                               s/ R. Loury
                                               Case Manager